THOMAS E. ALBORG (SBN 056425)
MARK D. EPSTEIN (SBN 168221)
ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
Tel: 925-939-9880
Fax: 925-939-9915

CHARLES W. STEESE, *pro hac vice*
PHILLIP L. DOUGLASS, *pro hac vice*
STEESE & EVANS, P.C.
6400 S. Fiddlers Green Circle, Suite 1820
Denver, Colorado 80111
Tel: 720-200-0676
Fax: 720-200-0679

Attorneys for Plaintiff, Qwest Communications Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QWEST COMMUNICATIONS CORPORATION, a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>HERAKLES, LLC, a Delaware limited Liability corporation, d/b/a HERAKLES DATA, SANDY BEACHES I LP, a California limited partnership, RIPTIDE I LLP, a California limited partnership, CAPITAL LEASE FUNDING, INC., a Delaware corporation, CAPITAL LEASE FUNDING, LP, a Delaware limited partnership,<br><br>Defendants. | Case No. 2:07-CV-00393-MCE-KJM<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY** |

# PROTECTIVE ORDER

Disclosure and discovery in this action are likely to involve sensitive financial or business information or proprietary information that has not been disseminated to the public, is not readily discoverable by competitors, has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. The parties therefore agree to and petition the Court to enter this Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that its protection extends only to the limited information that is entitled to confidential treatment.

1. "Documents" means documents, portions of documents, answers to interrogatories, responses to requests for admission, depositions and other oral testimony, transcripts, affidavits, expert reports, legal briefs or memoranda, and information derived therefrom, and all material within the meaning of Federal Rule of Civil Procedure 34(a) and Federal Rules of Evidence 1001, but shall be limited to material produced or exchanged in this litigation.

2. The term "CONFIDENTIAL INFORMATION" means Documents that any party in good faith believes contain confidential research, development or commercial information subject to protection under Federal Rule of Civil Procedure 26(c).

3. The term "ATTORNEYS' EYES ONLY INFORMATION" means Documents that any party in good faith believes contain "trade secrets" as defined by the Uniform Trade Secrets Act or other sensitive proprietary information subject to protection under Federal Rule of Civil Procedure 26(c).

///
///
///
///

**Alborg, Veiluva & Epstein LLP**
200 Pringle Ave.
Suite 410
Walnut Creek
CA 94596
Tel: 925.939.9880
Fax: 925.939.9915

4. The term "Trial Counsel" means the outside counsel on the signature pages below and employees of or vendors providing litigation support services to of their respective law firms, and the following designated in-house counsel or lawyer associated with the parties, who must sign an Exhibit A to this Protective Order before being deemed "Trial Counsel" for purposes of this Protective Order: (a) for Qwest, Kevin Lanoha, Qwest in-house counsel overseeing this litigation; (b) for the CapLease Defendants, Paul Hughes, General Counsel; and (c) for Beaches and Riptide, Chris White, the sole member of Sandcastle LLC, which is the managing member of Surferr I LLC, which owns 99% of Beaches and Riptide. In-house designees are prohibited by this Agreement from disclosing "ATTORNEYS' EYES ONLY INFORMATION" to anyone else within their respective company or organization. If any party seeks to substitute or add to any of the law firms listed on the signature pages of this Protective Order or substitute the in-house designee, it shall notify the opposing party(ies) of the intended substitution or addition. Prior to disclosure of "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," the substitute law firm(s), in-house designee or additional law firm(s) shall acknowledge in writing that it or he or she is familiar with and agrees to comply with all provisions of this Protective Order.

5. The term "Independent Expert" for a party excludes (for purposes of a receiving party disclosing its opponents' material designated "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION") individuals currently employed by any party to this proceeding.

6. Each party may designate any Document it or a third party has provided as "CONFIDENTIAL INFORMATION" in accordance with Paragraphs 1, 2, 9, 10, 11 and 18 of this Protective Order.

7. Each party may designate any Document it or a third party has provided as "ATTORNEYS' EYES ONLY INFORMATION" in accordance with Paragraphs 1, 3, 9, 10, 11 and 18 of this Protective Order.

///

**Alborg, Veiluva & Epstein LLP**
200 Pringle Ave.
Suite 410
Walnut Creek
CA 94596
Tel: 925.939.9880
Fax: 925.939.9915

8. The designation of a Document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be accomplished by placing the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on every page of each Document so designated or by bulk designation for voluminous materials. For confidential discovery materials produced in a non-paper medium (e.g., videotape, audio tape, computer disks, etc.), the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be affixed to the outside of the medium or its container to give notice of the designation.

9. If the producing party elects to produce Documents for inspection rather than produce copies of Documents, no marking need be made by the producing party in advance of the initial inspection by the receiving party's Trial Counsel or Independent Expert. For Documents specified for copying by the receiving party's Trial Counsel or Independent Expert, the producing party shall mark the copies of Documents that contain protected information with the appropriate confidentiality marking at the time the copies are produced to the receiving party's Trial Counsel or Independent Expert. Any information obtained by the receiving party's Trial Counsel or Independent Expert from an initial review of Documents, whether in written form or not, shall be maintained as "ATTORNEYS' EYES ONLY INFORMATION" until the Documents have been designated, copied and delivered to the receiving party by the producing party.

10. When a deposition taken on behalf of any party involves a disclosure of "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION" of any party:

(a) The deposition or portions thereof shall be designated as containing "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; however, any party shall have 20 days after receipt of the deposition transcript in which to designate in writing to the other party(ies) those portions of the transcript the party in good faith believes contain "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES

Alborg, Veiluva & Epstein LLP
200 Pringle Ave.
Suite 410
Walnut Creek
CA 94596
Tel: 925.939.9880
Fax: 925.939.9915

ONLY INFORMATION," and the right to make this designation shall be waived unless made within the 20 day period, subject to the provisions of Paragraph 14 of this Protective Order;

(b) The original of any deposition transcript that contains "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION" shall be designated by the Court Reporter with the applicable legend, and shall be sealed, identified as being subject to this Protective Order and not opened except by order of the Court or agreement of the parties. The entirety of any original videotape that contains "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION" shall be treated in the same manner.

11. Subject to Paragraphs 14 and 23 of this Protective Order, Documents designated as "CONFIDENTIAL INFORMATION" may be disclosed only to Trial Counsel, Independent Experts retained for this litigation, and employees who do not have competitive decision-making responsibilities. Any person other than Trial Counsel (who by signing this Protective Order agree to be bound by its terms) to whom "CONFIDENTIAL INFORMATION" may be disclosed shall read this Protective Order in advance of any disclosure and agree in writing to be bound by its terms in the form attached as Exhibit A. "CONFIDENTIAL INFORMATION" shall not be used for any purpose other than as is set forth in Paragraph 23 of this Protective Order until that designation is removed either by agreement of Trial Counsel or by order of the Court.

12. Subject to Paragraphs 14 and 23 of this Protective Order, Documents designated as "ATTORNEYS' EYES ONLY INFORMATION" may be disclosed only to Trial Counsel and Independent Experts retained for this litigation. Any person other than Trial Counsel (who by signing this Protective Order agree to be bound by its terms) to whom "ATTORNEYS' EYES ONLY INFORMATION" may be disclosed shall read this Protective Order in advance of any disclosure and agree in writing to be bound by its terms in the form attached hereto as Exhibit A. "ATTORNEYS' EYES ONLY INFORMATION" shall not be used for any purpose other than set forth in Paragraph 23 of this Protective Order until that designation is removed either by agreement of Trial Counsel or by order of the Court.

**Alborg, Veiluva & Epstein LLP**
200 Pringle Ave.
Suite 410
Walnut Creek
CA 94596
Tel: 925.939.9880
Fax: 925.939.9915

12(a).   Trial Counsel shall retain all signed Exhibit A agreements and at the request of any other Trial Counsel at the conclusion of this action, including the final termination of any appeals, shall (a) certify that all persons to whom "CONFIDENTIAL INFORMAITON" or "ATTORNEYS' EYES ONLY INFORMATION" has been made available have signed an Exhibit A agreement and (b) make the Exhibit A agreements available for inspection by the requesting Trial Counsel, who agrees to maintain as confidential the identities the persons signing such Exhibit A agreements unless Trial Counsel believes it is necessary to disclose the identity of any signatory to an Exhibit A agreement in order to enforce the provisions of this Protective Order.

13.   Nothing in this Protective Order shall bar or restrict any attorney from rendering legal advice to the attorney's party-client with respect to this action, and in the course thereof, relying on an examination of "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION"; provided, however, that in rendering legal advice and in communicating with the party-client, the attorney shall not disclose any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" to anyone not authorized to receive that information pursuant to this Protective Order.

14.   Any Document designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" may be shown to any person indicated on the face of the Document to be its originator, author, or recipient.

15.   Any party that submits to the Court any document designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or any document containing information from discovery materials bearing that designation shall file the document under seal in accordance with the Eastern District of California Civil Local Rule 39-141.

///
///
///
///

**Alborg, Veiluva & Epstein LLP**
200 Pringle Ave.
Suite 410
Walnut Creek
CA 94596
Tel: 925.939.9880
Fax: 925.939.9915

16.     Nothing in this Protective Order, or the taking of any action in accordance with the provisions of this Protective Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action.  The failure to designate a Document as "CONFIDENTIAL INFORMATION" or "ATTORNEY'S EYES ONLY INFORMATION" in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date, for good cause shown, seeking to impose such designation or challenging the propriety thereof.  The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of Documents in response to discovery or to object to a requested inspection of Documents, and, except as expressly provided, shall not relieve any party of the obligation of producing Documents in discovery.  This Protective Order shall not limit what the producing party may do with its own Documents or information.

17.     If anyone violates or threatens to violate the terms of this Protective Order, the aggrieved party may apply to the Court for injunctive relief to prevent a violation of this Protective Order.  The parties agree that there is no adequate legal remedy for a violation or threatened violation of this Protective Order.  The parties and any other person subject to the terms of this Protective Order further agree that the Court shall retain jurisdiction to enforce this Protective Order.  Any person who moves to enforce this Protective Order and prevails shall be entitled to the costs and reasonable attorneys' fees incurred in doing so.

18.     If any party disagrees at any stage of these proceedings with the designation of any Document as "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION," the parties shall try first to resolve their dispute in good faith.  If the dispute cannot be resolved, the party objecting to such designation shall seek appropriate relief from the Court.  Until such time as the issue is resolved by the Court, any Document in issue shall be treated according to its designation as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."

///

**Alborg, Veiluva & Epstein LLP**
200 Pringle Ave.
Suite 410
Walnut Creek
CA 94596
Tel: 925.939.9880
Fax: 925.939.9915

The party seeking to maintain the Document's confidentiality bears the burden of demonstrating that it is entitled to protection under Federal Rule of Civil Procedure 26(c).

19. Upon final judgment, including after any appeals, or a dismissal of this action, all Documents and copies that have been designated as "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION" shall be returned to the respective party by which they were produced, or shredded and disposed of no later than 30 days after the entry of final judgment or dismissal. If Documents are shredded, the shredding party shall certify in writing to the producing party that the Documents have been shredded and disposed of.

20. The termination of this action shall not relieve any person to whom "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION" has been disclosed from the obligation of maintaining the confidentiality of information protected by this Protective Order.

21. The parties may by written stipulation provide for exceptions to this Protective Order and any party may seek an order of the Court modifying or interpreting this Protective Order.

22. Nothing in this Protective Order shall preclude any party from seeking additional protection with respect to the confidentiality or relief from this Protective Order regarding Documents designated as "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION."

23. "CONFIDENTIAL INFORMATION" and "ATTORNEYS' EYES ONLY INFORMATION" subject to this Protective Order shall be used by the party to which it is produced solely for purposes of this litigation. Each person to whom "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION" is disclosed is hereby enjoined from using that information for any other purpose or for any other case, proceeding, or dispute. Further, no person receiving or reviewing "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION" shall disclose it or its contents to any person other than as provided in this Protective Order.

Alborg, Veiluva
& Epstein LLP
200 Pringle Ave.
Suite 410
Walnut Creek
CA 94596
Tel: 925.939.9880
Fax: 925.939.9915

1  Nothing in this Protective Order shall be deemed to restrict a party's ability to use its own
2  Documents, or Documents obtained outside this litigation, for any purpose.

3      24.    Subject to the rules of evidence, a Document designated "CONFIDENTIAL
4  INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION" may be offered in
5  evidence at any hearing or trial of this case upon at least one day's written notice (provided by e-
6  mail or next day delivery service) of the intention to do so or, if that is not possible, on shorter
7  notice as the circumstances permit.  Any party may move the Court orally or in writing for an
8  order that the evidence be received in camera at the hearing or under other conditions to prevent
9  disclosure.  The Court then will determine whether the proffered evidence should be treated as
10 confidential and, if so, what protections shall be afforded to any such Document at the hearing.

11     25.    If any party or other person authorized under this Protective Order to receive
12 Documents designated as "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES
13 ONLY INFORMATION" receives a subpoena from a nonparty to this Protective Order seeking
14 production or other disclosure of that information, that party or person shall refuse to produce
15 any such Documents and shall immediately give written notice (by e-mail and next day delivery
16 service) to counsel for the party who produced those Documents identifying the Documents
17 requested and enclosing a copy of the subpoena.  If the party that produced the Documents
18 objects to disclosure, that party shall communicate its objection in writing to the party that
19 propounded the subpoena and file an appropriate motion with the Court within five days of the
20 date it received notice of the subpoena.  If such a motion is filed, the party who received the
21 subpoena shall not produce the Documents in issue until the matter is decided by the Court.
22 Absent a timely objection and the filing of a timely and appropriate motion, the party who
23 receives the subpoena may comply in full with its terms.

24 ///
25 ///
26 ///
27 ///
28

**Alborg, Veiluva & Epstein LLP**
200 Pringle Ave.
Suite 410
Walnut Creek
CA 94596
Tel: 925.939.9880
Fax: 925.939.9915

9    07cv00393.stip.0731.doc
STIPULATED PROTECTIVE ORDER

1   26.   In the event of any inadvertent disclosure of any information protected by a
privilege or as work product, the party making such inadvertent disclosure, immediately after
learning of such disclosure, shall notify (by e-mail and next day delivery service) the party to
whom the disclosure was made; the party to whom the inadvertent disclosure was made shall
then promptly return such information and all copies.  If any party receives any Document from
another party that on its face is subject to the attorney-client privilege, attorney work product
doctrine or other privilege, that party shall promptly return the Document and all copies to the
party that produced the Document.

27.   This Protective Order may be executed in counterparts and by facsimile or "pdf"
file, with all counterpart and facsimile signatures deemed to be one document.

SO STIPULATED:

DATED: July 25, 2007         STEESE & EVANS, P.C.

                             /s/ Phillip L. Douglas
                             _____
                             Charles W. Steese
                             Phillip L. Douglass
                             Attorneys for Plaintiff QWEST
                             COMMUNICATIONS CORPORATION

DATED:  July 25, 2007        WINSTON & STRAWN LLP

                             /s/ Stacey N. Knox (as authorized on 7/25/07)
                             _____
                             Steven D. Atlee
                             Stacey N. Knox
                             Attorneys for Defendant HERAKLES, LLC

DATED:  July 25, 2007        QUINN EMANEUL URQUHART OLIVER &
                             HEDGES, LLP

                             /s/ Loren Kieve (as authorized on 7/25/07)
                             _____
                             Harry A. Olivar, Jr.
                             Loren Kieve
                             Attorneys for Defendants SANDY BEACHES I LP
                             and RIPTIDE I LP

///

///

Alborg, Veiluva & Epstein LLP
200 Pringle Ave.
Suite 410
Walnut Creek
CA 94596
Tel: 925.939.9880
Fax: 925.939.9915

| | | |
|---|---|---|
| 1 | DATED:  July 25, 2007 | HUNTON & WILLIAMS LLP |
| 2 | | /s/ Catherine A. Allen (as authorized on 7/25/07) |
| 3 | | Shawn P. Regan |
| | | Catherine A. Allen |
| 4 | | Attorneys for Defendants CAPITAL LEASE FUNDING, INC. and CAPITAL LEASE |
| 5 | | FUNDING LP |

**IT IS SO ORDERED** in accordance with the Stipulation. **IT IS FURTHER ORDERED** that this Court's jurisdiction to enforce the terms of this Stipulation shall terminate upon without further action upon the termination of this case.

DATED: July 31, 2007

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

Alborg, Veiluva & Epstein LLP
200 Pringle Ave.
Suite 410
Walnut Creek
CA 94596
Tel: 925.939.9880
Fax: 925.939.9915

## **EXHIBIT A**

The undersigned (a) has been provided with and read the Stipulation and Protective Order Governing Confidentiality in Qwest Communications Corporation v. Herakles, LLC, et al., Case No. 2:07-CV-00393-MCE-KJM, in the United States District Court for the Eastern District of California, entered on _____, (b) fully understands and agrees to be bound by the terms of the Protective Order, (c) will use any "CONFIDENTIAL INFORMATION" and "ATTORNEYS' EYES ONLY INFORMATION" provided in this case consistent with the terms of the Protective Order, (d) will not disclose or otherwise disseminate that information in any manner inconsistent with the terms of the Protective Order, (e) understands that violation of the terms of the Protective Order may result in being held in contempt of Court and subject to sanctions, (f) agrees to the jurisdiction of the Court to enforce the terms of the Protective Order and (g) understands that the obligation to continue to obey the terms of the Protective Order will continue following the termination of the litigation.

I declare under penalty of perjury that I have read and understand and agree to these terms.

Signature: _____

Print Name: _____

Date: _____

**Alborg, Veiluva & Epstein LLP**
200 Pringle Ave.
Suite 410
Walnut Creek
CA 94596
Tel: 925.939.9880
Fax: 925.939.9915

12                                          07cv00393.stip.0731.doc
STIPULATED PROTECTIVE ORDER